UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN FERNANDEZ,

        Plaintiff,

  -against-

VICKEY TURETSKY, Commissioner US Dept.
of Health and Human Services et al.,

        Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-04092 (RRM)(MDG)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

    Plaintiff, Edwin Fernandez, filed this *pro se* action on August 13, 2012 alleging *inter alia* the deprivation of his civil rights in violation of 42 U.S.C. § 1983 by defendant employees of Health and Human Services. (Compl. (Doc. No. 1); Amended Compl. (Doc. No. 4).) Plaintiff also seeks to proceed in forma pauperis ("IFP") in this action, pursuant to 28 U.S.C. § 1915. (Mot. for Leave to Proc. In Forma Pauperis ("IFP Mot.") (Doc. No. 2).) For the reasons that follow, plaintiff is directed to either (1) submit an amended IFP application; or (2) pay the statutory filing fee of $350.00 within fourteen (14) days of the date of this Order in order to proceed with this action.

    The aim of the availability of IFP status is to insure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citations omitted); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Therefore, Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in

order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. County of Westchester, et al.*, No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)); *accord Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citations omitted).

The financial declaration form that plaintiff has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff states that he is presently employed by U.S. Custom and Border Protection, with a net salary of $ 2,630.00. (IFP Mot. ¶ 1.) It is unclear if that is a bi-weekly salary. Furthermore, the sum of plaintiff's monthly expenses may be understated. Plaintiff states that he pays rent in the amount of $1,600.00 support in the amount of $476.00 per month. (*Id.* at ¶ 6–7.) However, plaintiff fails to state if he has any other monthly expenses. Accordingly, at present time, plaintiff's declaration establishes that he has sufficient resources to pay the $350.00 filing fee to commence this action, and his request to proceed IFP is therefore denied unless he can provide additional information to supplement his submission.

## CONCLUSION

Plaintiff must pay the $350 filing fee or submit an amended IFP application within fourteen (14) days of the date of this Order in order to proceed with this case. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee or submit an amended IFP application within the time allowed, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Order to plaintiff, and note such mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       September 20, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge